**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Bindu Jacob**<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–3212<br>EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _<br>EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | District of New Jersey | |
| Case number: | 17–31676–JKS | |

# Order of Discharge                                                                 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Bindu Jacob

<u>11/5/19</u>                                             **By the court:** <u>John K. Sherwood</u>
                                                                            United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**
Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
District of New Jersey

```
In re:                                                          Case No. 17-31676-JKS
Bindu Jacob                                                     Chapter 13
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0312-2         User: admin             Page 1 of 1             Date Rcvd: Nov 05, 2019
                             Form ID: 3180W          Total Noticed: 7
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 07, 2019.
```
db             +Bindu Jacob,    104 Lake Shore Drive,    Lake Hiawatha, NJ 07034-2837
517142116      +KML Law Group, PC,    216 Haddon Avenue, Suite 406,    Collingswood, NJ 08108-2812
517369982       New Penn Financial, LLC,    d/b/a Shellpoint Mortgage Servicing,    PO Box 10826,
                 Greenville, SC  29603-0826
517142117      +Shellpoint Mortgage,    PO Box 619063,    Dallas, TX 75261-9063
517220302      +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Nov 06 2019 00:17:04      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 06 2019 00:17:00      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ  07102-5235
                                                                                              TOTAL: 2
```

```
              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 07, 2019                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 5, 2019 at the address(es) listed below:
```
              Bruce W. Radowitz    on behalf of Debtor Bindu  Jacob torreso78@gmail.com,
               r45676@notify.bestcase.com
              Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
               dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    Toyota Motor Credit Corporation
               rsolarz@kmllawgroup.com
              Rebecca Ann Solarz    on behalf of Creditor    New Penn Financial, LLC d/b/a Shellpoint Mortgage
               Servicing rsolarz@kmllawgroup.com
              Steven Eisenberg    on behalf of Creditor    New Penn Financial, LLC d/b/a Shellpoint Mortgage
               Servicing bkecf@sterneisenberg.com,
               jmcnally@sterneisenberg.com;skelly@sterneisenberg.com;bkecf@sterneisenberg.com
              Steven P. Kelly    on behalf of Creditor    New Penn Financial, LLC d/b/a Shellpoint Mortgage
               Servicing skelly@sterneisenberg.com, bkecf@sterneisenberg.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                              TOTAL: 8
```